UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN BRIZZI, ERIC BROWN, CASEY BURNS, NICHOLAS CODIGA, BRYCE DARNELL, MICHAEL DENISON, BRIAN FIELDS, BRITTNY HYDE, ERIK JOHNSON, DAVID MEADOWS, TAARAN MOORE, SHILO OTTAWAY, JEREMIAH POPE, ADAM SEARLS, JACOB SMITH, ASHLEY STANKO, JOSH STRONG, CURTIS TETI and CHAD WILLIAMS, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>ELMORE COUNTY, IDAHO, a political subdivision, BUD CORBUS, in his individual and official capacities, AL HOFER, in his individual and official capacities, and CRYSTAL RODGERS, in her individual and official capacities,<br><br>Defendants. | Case No. 1:23-cv-00412-REP<br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 8)** |

Pending is Defendants' Motion to Dismiss (Dkt. 8). All parties have consented to the exercise of jurisdiction by a United State Magistrate Judge. Dkt. 16. For the reasons set forth below, the Court dismisses the Complaint with leave to amend all claims except the official capacity claims.

## PROCEDURAL HISTORY

Plaintiffs are nineteen "current and former law enforcement" officers and "related personnel" who worked for Defendant Elmore County, Idaho in the three years preceding the

**MEMORANDUM DECISION AND ORDER – 1**

commencement of this lawsuit.  Compl. ¶ 1 (Dkt. 1).  On September 18, 2023, Plaintiffs filed this putative class action alleging that Defendants willfully and knowingly failed to accurately calculate and pay their overtime compensation.  *See generally id.*

Defendants have moved the Court to dismiss the Complaint as factually deficient under Federal Rule of Civil Procedure 12(b)(6).  MTD (Dkt. 8).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When evaluating a Rule 12(b)(6) motion, the court accepts as true all well-pleaded factual allegations in the complaint, disregarding any unsupported legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Next, having identified the adequately pleaded facts, the Court "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.  Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 678.

Dismissal under this standard can be predicated on either (a) "a lack of cognizable legal theory" or (b) "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

When, as here, the sufficiency of the facts is challenged, the plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed.  *Id.* at 680.

## THE FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act ("FLSA") creates a statutory floor for overtime pay.

**MEMORANDUM DECISION AND ORDER – 2**

29 U.S.C. § 207(a).  Generally speaking, the FLSA requires employers to pay their employees "premium overtime compensation of one and one-half times the regular rate of payment for any hours worked in excess of forty in a seven-day work week."  *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016).  The FLSA lowers this floor, however, for firefighters and law enforcement personnel employed by public agencies.  29 U.S.C. § 207(k).

For these employees, public agencies have the flexibility to adopt a work period anywhere between seven and 28 consecutive days for the purposes of calculating overtime pay.  *Id.*; *see also Flores*, 824 F.3d at 895.  If the employer selects a work period of 28 days, the FLSA requires overtime pay of one and one-half times the regular rate of pay for every hour above 171 hours – the overtime limit – that a law enforcement employee works.  29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.  If the employer selects a shorter work period, the overtime limit is reduced proportionally.  *Id.*

## DISCUSSION

A. <u>Plaintiffs' Claim for Overtime Payments</u>

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015), the Ninth Circuit considered how much factual detail was required to plead an FLSA overtime claim under *Twombly*[1] and *Iqbal*.  After reviewing the holdings of the other circuits, *Landers* held that "a plaintiff asserting a claim to overtime payments" must "at a minimum" allege that he or she worked more than the applicable statutory overtime limit in a given work period (which is usually 40 hours per week) without receiving proper compensation for the excess work.  *Id.* at 644-45.  This is not an onerous requirement; a plaintiff need not keep fastidious records and allege "with mathematical precision" the exact amount of overtime compensation owed.  *Id.* at

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**MEMORANDUM DECISION AND ORDER – 3**

643, 646. A conclusory allegation that the plaintiff worked overtime and was not paid for it, however, is not enough. *Id.* at 646 (a plaintiff's complaint must do more than merely recite the elements of a cause of action).

Plaintiffs' Complaint does not clear this low bar. The factual content in the Complaint is sparse. The Complaint does not identify any of the nineteen Plaintiffs' job titles, normal job duties, typical schedules, or average rates of pay. *See generally* Compl. (Dkt. 1). It does not state when or how Plaintiffs were required to work overtime, describe Plaintiffs' overtime duties, or estimate how often Plaintiffs' overtime was undercompensated. *Id.* Finally, it lacks any examples of specific periods in which Plaintiffs worked more than the applicable overtime limit without receiving overtime pay.[2] *Id.* In short, the Complaint does not provide any information about the named Plaintiffs' remuneration, hours, and overtime obligations.

In *Landers*, the Ninth Circuit held that absence of such allegations was fatal under Rule 12(b)(6). *Landers*, 771 F.3d at 645. The same reasoning applies here. Rather than provide any detail regarding average hours worked during a particular year, month, or week, Plaintiffs rest their FLSA claims on generalized suspicions of payroll issues. For example, Plaintiffs allege that they have *asked* Defendant Elmore County about a long list of pay "discrepancies and irregularities," including failure to pay holiday time, failure to timely pay compensation increases for law enforcement certifications, failure to pay shift differentials, retraction of sick leave, and secret time sheet alterations. Compl. ¶ 12 (Dkt. 1). The Court remains unclear on

---

[2] Plaintiffs attach a June 2, 2022 email to the response. Email (Dkt. 12-1). The Court may not consider this material. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (on a motion to dismiss, review is generally limited to the pleadings, documents that are incorporated by reference, and matters of judicial notice).

**MEMORANDUM DECISION AND ORDER – 4**

how many of the items on this list relate to Plaintiffs' claim to overtime pay under the FLSA.[3] In any event, *Landers* involved similar allegations of improper timekeeping. *Landers*, 771 F.3d at 645-46. The Ninth Circuit found that these accusations did not push the FLSA claim over the line from conceivable to plausible. *Id.* at 646.

Plaintiffs also allege that Defendant Elmore County conducted an audit of its payroll records and uncovered an unspecified number of FLSA violations. Compl. ¶ 15 (Dkt. 1). But Plaintiffs provide no further information about when the alleged violations occurred, the nature of the violations, or which employees were impacted. As in *Landers*, these allegations raise suspicions that Plaintiffs may be owed additional overtime compensation under the FLSA. *Landers*, 771 F.3d at 646. "A possibility [of an FLSA violation, however,] is not the same as plausibility." *Id.* To survive a motion to dismiss, a plaintiff asserting a claim to overtime payments "must allege that [he or] she worked more than [the overtime limit] in a given [work period] without being compensated for the overtime hours worked." *Id.* at 644-645. Because Plaintiffs' Complaint does not satisfy this requirement, it must be dismissed.

    B.  <u>Plaintiffs' Official Capacity Claims</u>

An official capacity claim is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations omitted). Consequently, "[w]hen both a municipal officer and a local government entity are named [in a § 1983 claim], and the officer is named only in an official capacity, the court may

---

[3] *See* Questions and Answers About the Fair Labor Standards Act (FLSA), available at https://www.dol.gov/agencies/whd/flsa/faq (last accessed January 16, 2024) (explaining that the FLSA does not require pay raises, extra pay for weekend or night shifts, payment for vacations, sick leave, or paid holidays. These are generally matters of agreements between an employer and employee); *see also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (the FLSA does not create "a federal remedy for all wage disputes[;] . . . [f]or such claims there seems to be no lack of a state remedy, including a basic contract action.").

**MEMORANDUM DECISION AND ORDER – 5**

dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Plaintiffs make no argument why these principles do not apply to their FLSA claims against Defendants Corbus, Hofer, and Rodgers in their official capacities. The Court will dismiss these redundant claims without leave to refile.

    C. <u>Plaintiffs' Individual Capacity Claims</u>

Plaintiffs bring claims against three members of the Elmore County Commissioners in their individual capacities. Defendants argue that Plaintiffs have not alleged sufficient facts to show that the Commissioners acted as Plaintiffs' employers within the meaning of the FLSA. MTD at 12 (Dkt. 8-1). Plaintiffs make no substantive response. Instead, Plaintiffs contend that it is inappropriate to determine whether individual defendants are employers on a motion to dismiss.

Liability under the FLSA is limited to "employers." 29 U.S.C. § 203(d). To determine whether an individual is an employer under the FLSA, the Ninth Circuit applies a four-factor "economic reality" test that considers: "[w]hether the alleged employer (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment, (iii) determined the rate and method of payment, and (iv) maintained employment records." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983). These factors are only guides; courts look to the "circumstances of the whole activity" in assessing whether an individual exercises control over the nature and structure of the employment relationship. *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

Plaintiffs have not identified any facts or presented any argument that would assist the Court in determining whether it is plausible that the individual Defendants are employers under this test. This would normally be fatal to Plaintiffs' claims. *See Iqbal*, 556 U.S. at 678 (a claim is facially plausible when the complaint's "factual content . . . allows the court to draw the

**MEMORANDUM DECISION AND ORDER – 6**

reasonable inference that the defendant is liable for the misconduct alleged.") and *Arias v. Raimondo*, 860 F.3d 1185, 1190 (9th Cir. 2017) (explaining that the FLSA's wage and hour obligations are "imposed only on an employee's de facto 'employer,' as that term is defined in the statute").[4]

Here, however, the Court is dismissing Plaintiffs' claims under *Landers*.  The only remaining question is whether the Court should grant Plaintiffs a second opportunity to show that their claims against the individual Defendants are plausible under the economic reality test.  The Court addresses that issue below.

D.  Amendment

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal citation omitted).

Plaintiffs' Complaint is threadbare.  Without more information, it would be hasty to conclude that any amendment would be futile.  Indeed, Plaintiffs' counsel's June 2, 2022 email suggests that at least two of the named Plaintiffs could potentially allege examples of work periods where they accrued overtime and did not receive adequate compensation.  Email (Dkt. 12-1).  Other Plaintiffs may be able to provide similar examples or estimates by drawing on their memory and personal experience.  Finally, the Court cannot conclude, on the extremely limited

---

[4] *See also Bryant v. Tristate Logistics of Arizona LLC*, No. CV-19-01552-PHX-SMB, 2020 WL 1285907, at *3 (D. Ariz. Mar. 18, 2020) (dismissing FLSA claims where the complaint lacked factual allegations outlining any employer-employee relationship between the plaintiff and each defendant) and *Kennedy v. Las Vegas Sands Corp.*, No. 217CV880JCMVCF, 2017 WL 2882702, at *3 (D. Nev. July 5, 2017) (finding that the plaintiffs failed "to set forth adequate facts" about some of the defendants' capacity as plaintiffs' employers—such as their power to hire and fire plaintiffs and supervision and control over plaintiffs' schedules").

**MEMORANDUM DECISION AND ORDER – 7**

facts presented, that it is impossible for Plaintiffs to allege more fulsome claims against the individual Defendants. These Defendants are County Commissioners. Publicly available information may shed additional light on their control, if any, over the terms of Plaintiffs' employment.

Accordingly, the Court will allow Plaintiffs an opportunity file a proposed amended Complaint, in accordance with Paragraph 2 of District Local Rule Civ 15.1, seeking to revive their FLSA claims against Defendant Elmore County and against Defendants Corbus, Hofer, and Rodgers *in their individual capacities*. The Court will delay issuing a judgment until it has resolved any opposition to the proposed amended Complaint, or until Plaintiffs inform the Court that they are not seeking to amend the Complaint.

## **ORDER**

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Dkt. 8) is GRANTED.

2. Plaintiffs' official capacity claims against Defendants Bud Corbus, Al Hofer, and Crystal Rodgers are dismissed with prejudice.

3. By January 30, 2024, Plaintiffs shall either (i) file a proposed amended Complaint fixing the deficiencies identified above or (ii) inform the Court that Plaintiffs do not intend to seek amendment.

4. The proposed amended Complaint must show - through redlining, underlining, strikeouts, or other similarly effective methods – how the proposed amended pleading differs from the operative pleading.

5. The Court will resolve any objection to the proposed amended pleading according to the abbreviated briefing schedule outlined below:

**MEMORANDUM DECISION AND ORDER – 8**

a. Defendants' objection, if any, to the proposed amended complaint shall be no more than eight (8) pages and must be filed within **FOURTEEN** days of Plaintiffs' proposed amended complaint.

b. Plaintiffs' response to any objection shall be no more than eight (8) pages and shall be due within **FOURTEEN** days of Defendants' objection.

c. Defendants' optional reply brief shall be no more than four (4) pages and shall be due within **SEVEN** days of Plaintiff's response brief.

DATED: January 16, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 9**